UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

KENNETH RAY DAVIS, *Pro Se,*       )
      Plaintiff                                )
                                               )
      v.                                       )       2:08-cv-218
                                               )       Mattice/Carter
MICHAEL J. ASTRUE,                         )
Commissioner of Social Security           )
      Defendant                              )

REPORT AND RECOMMENDATION

On July 28, 2008, plaintiff, acting *pro se,* filed a complaint seeking review of the action

of the Commissioner of Social Security denying her disability benefits (Doc. 3). The Court

entered an order requiring plaintiff to file a dispositive motion by December 12, 2008 (Doc. 9).

The plaintiff did not file a dispositive motion and, subsequently, on July 1, 2009, the undersigned

Magistrate Judge entered a Show Cause Order (Doc. 13) directing the plaintiff to file a

dispositive motion by Friday, July 31, 2009, or show cause why his case should not be dismissed

for failure to prosecute. The plaintiff has responded by filing a letter which does not tell the

Court what issues are being raised. The letter appears to refer to certain unspecified new reports.

If there is evidence of further deterioration of his condition or additional limitations, plaintiff can

file a new claim for disability benefits.

Although pleadings of a *pro se* litigant are to be liberally construed, the Court must and

will require that duly set deadlines be followed. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991). Dismissal of an action is appropriate where a *pro se* litigant fails to comply with a readily

comprehended deadline despite sufficient opportunity to do so. *See Jourdan*, 951 F.2d at 110

(dismissal of *pro se* litigant's case affirmed where litigant had asked for and received two

extensions in which to file a dispositive motion but still failed to do so.)

In the instant case, plaintiff bears the burden to show the Commissioner's decision to deny his benefits is not support by substantial evidence. *Barnes v. Secretary, Health and Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). The complaint in the instant case offers no insight as to why the plaintiff contends the Commissioner erred in denying his claim. Plaintiff has been given two opportunities in the form of a dispositive motion to explain to the Court why he believes the Commissioner's decision to deny him benefits was in error. Plaintiff was also warned in the recent Show Cause order that failure to file a dispositive motion or explain to the Court why such a motion had not been filed could result in dismissal of his action. Nevertheless, he has made no response sufficient to show the Court what issues he raises. Further, from a review of the record, and for the reasons set out in detail in the Commissioner's response, there appears to be substantial evidence to support the decision of the ALJ.

It appearing the Plaintiff has failed to file a dispositive motion that gives the Court any idea as to what issues are being raised or what basis he has for his appeal, I conclude Plaintiff has failed to comply with the Court's Show Cause Order and I therefore RECOMMEND that Plaintiff's action be DISMISSED pursuant to Fed. R. Civ. P. 41(b).[1]

Dated: August 4, 2009  
                             *s/William B. Mitchell Carter*  
                             UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of*